*v. PRATHER*, AND *UNITED STATES v. CHEESEMAN*, DOES THE APPLICATION OF THE AFFIRMATIVE DEFENSE PROVIDED BY ARTICLE 120 WITHOUT THE AFOREMENTIONED INSTRUCTION VIOLATE APPELLANT'S RIGHT TO DUE PROCESS?

Briefs will be filed under Rule 25.

No. 12–0249/AR. U.S. v. Thomas E. Durham. CCA 20100488. Review granted on the following issue:

WHEN THE GOVERNMENT FAILS TO ALLEGE AN ARTICLE 134 TERMINAL ELEMENT, THE CHARGE FAILS TO STATE AN OFFENSE UNLESS THE TERMINAL ELEMENT CAN BE "NECESSARILY IMPLIED" FROM THE LANGUAGE OF THE SPECIFICATION. THE MISSING TERMINAL ELEMENTS FROM SPECIFICATIONS 1 THROUGH 16 OF THE CHARGE CANNOT BE NECESSARILY IMPLIED FROM THE TEXT. ARE THE CHARGES FATALLY DEFECTIVE?

No briefs will be filed under Rule 25

No. 12–0181/AF. U.S. v. Douglas L. Page, Jr. CCA 37612. Appellant's motion to supplement the record is denied.

No. 12–0171/AR. U.S. v. Clayton J. Duncan. CCA 20090545. On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, it is ordered that said petition is hereby granted, and the decision of the United States Army Court of Criminal Appeals is affirmed.** [See also ORDERS GRANTING PETITION FOR REVIEW this date.]

No. 12–0046/AR. U.S. v. Daniel A. Smelser. CCA 20110114. Review granted on the following issue:

** It is directed that the promulgating order be corrected to change the sentencing date from 22 Jul 09 to 18 Jun 09.

WHEN THE GOVERNMENT FAILS TO ALLEGE AN ARTICLE 134 TERMINAL ELEMENT, THE CHARGE FAILS TO STATE AN OFFENSE UNLESS THE TERMINAL ELEMENT CAN BE "NECESSARILY IMPLIED" FROM THE LANGUAGE OF THE SPECIFICATION. THE MISSING TERMINAL ELEMENTS FROM THE SPECIFICATION OF CHARGE II CANNOT BE NECESSARILY IMPLIED FROM THE TEXT. IS THE CHARGE FATALLY DEFECTIVE?

No briefs will be filed under Rule 25.

No. 12–5001/AF. U.S., Appellant v. Daniel J. Datavs, Appellee. CCA 37537. Notice is hereby given that a certificate for review of the decision of the United States Air Force Court of Criminal Appeals was filed under Rule 22 this date on the following issue:

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS INCORRECTLY APPLIED THE STANDARD OF LAW UNDER *STRICKLAND v. WASHINGTON*, 466 U.S. 668 (1984) AND *HARRINGTON v. RICHTER*, 131 S.CT. 770 (2011), WHEN EVALUATING WHETHER